**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

**MATT GARCIA,**

**Plaintiff,**

**vs.** **Case No. 1:26cv170-MW-MAF**

**ROWAN WILSON, et al.,**

**Defendants.**

**_____________________________/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, sought to initiate this case on July 23, 2026, by submitting a complaint, ECF No. 1, and a motion for leave to proceed in forma pauperis, ECF No. 2. Plaintiff's in forma pauperis motion was reviewed and found insufficient because it was incomplete and inconsistent. An Order was entered, ECF No. 4, directing Plaintiff to file an amended in forma pauperis motion if he desired to continue with this case. Further, Plaintiff was also required to file an amended complaint or, if Plaintiff was not complaining about the conduct of persons which took place in this District, he was advised to file a notice of voluntary dismissal. ECF No. 4. That Order was returned to the Court as undeliverable. ECF

No. 5. Nothing further has been received from Plaintiff to move this case forward.

Moreover, this Court reviewed the PACER website [Public Access to Court Electronic Records for federal courts] and found that Plaintiff had recently filed the same case in numerous federal courts across the nation, from Alaska to Washington. *See* ECF No. 4. Review of the dismissal order entered in case number 5:26cv305 from the United States District Court for the Middle District of Georgia reveals that Plaintiff's factual allegations, in their entirety, were identical to what Plaintiff submitted in this case. Thus, Plaintiff was also required to demonstrate that he had not violated Federal Rule of Civil Procedure 11 by vexatiously filing the same case in numerous federal courts simultaneously. Obviously, Plaintiff has not responded. Therefore, for all these reasons, this case should be dismissed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b)." Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015); *see also* Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734

(1962) (holding that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs"). This case should now be dismissed for failure to prosecute and comply with a Court Order.

## Recommendation

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on September 3, 2026.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**